## IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| **SANDRA JACOBSON F/K/A** <br> **SANDRA HANER** <br> 8641 Travis Street <br> Overland Park, Kansas 66212 <br><br> **Plaintiff**, <br><br> v. <br><br> **WYNDHAM RESORT** <br> **DEVELOPMENT CORPORATION** <br> Registered Agent: Corporate Creations <br> Network, Inc. <br> 12747 Olive Blvd. #300 <br> Saint Louis, Missouri 63141, <br><br> **Defendant.** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No.: <br> ) Division No.: <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### PETITION

**COMES NOW**, plaintiff Sandra Jacobson f/k/a Sandra Haner ("Plaintiff") and for her cause of action against defendant Wyndham Resort Development Corporation ("Defendant") states as follows:

### PARTIES

1. Plaintiff is an individual and resident of the State of Kansas.

2. Defendant is an Oregon corporation authorized to do business in the State of Missouri that may be served with process at the address set forth in the caption above.

### JURISDICTION AND VENUE

3. The Court has jurisdiction over this matter pursuant to Mo. R. Civ. P. 54.06(a)(4).

4. Venue is proper pursuant R.S.Mo. § 508.010(1).

### ALLEGATIONS COMMON TO ALL COUNTS

5. Defendant sells timeshare condominiums and vacation packages.

**EXHIBIT A**

6. Plaintiff has been a member of Wyndham Resorts for over 20 years, since she and her ex-husband, Brian Haner, first purchased a timeshare from WorldMark by Wyndham (the "Timeshare").

7. The original purchase price for the Timeshare has long since been paid.

8. On November 30, 2016, Plaintiff was divorced from Mr. Haner. In connection with the divorce, Plaintiff was awarded the Timeshare as her sole and separate property.

9. On February 28, 2018, Plaintiff requested that Defendant change her name in its system from "Haner" to "Jacobson" and that Defendant assist her with transferring title to the Timeshare solely to Plaintiff in compliance with the Decree of Divorce, a copy of which she provided to Defendant.

10. Defendant provided Plaintiff with a Relinquishment Agreement mistakenly showing an outstanding loan balance of $37,409.00. The loan balance should have been reflected as $0.00 because the purchase price for the Timeshare had long since been paid in full.

11. Not catching the error, Mr. Haner executed the Relinquishment Agreement.

12. Mr. Haner subsequently revoked his execution of the Relinquishment Agreement on May 29, 2018.

13. Mr. Haner's attorney, Mark D. Murphy, sent Defendant a fax stating that Defendant acknowledged that the $37,409.00 outstanding loan balance shown on the Relinquishment Agreement was in error, but had advised Mr. Haner that there was a debt of $17,435.35.

14. Defendant's representation to Mr. Haner that there was a debt of $17,435.35 was false, since the purchase price for the Timeshare had long since been paid in full.

15. For reasons that are not entirely clear, on May 5, 2018, Defendant had Plaintiff sign documents purporting to be a new contract for a new timeshare, prior to Mr. Haner's execution of

the Relinquishment Agreement and despite the fact that Plaintiff was not seeking a new timeshare; rather, Plaintiff had only requested that Defendant transfer the title of the Timeshare out of the joint names of her and her ex-husband and into her sole name in compliance of her Decree of Divorce.

16. Plaintiff believed that what she was signing on May 5th was in connection with such transfer. Plaintiff did not know that Defendant was purporting to sell her a new timeshare.

17. Following the discovery of the error on the Relinquishment Agreement and Defendant's false representations that there is a debt owing in relation to the Timeshare, Plaintiff repeatedly sought additional information and tried to correct the error.

18. In connection with her efforts, by email dated September 4, 2018, Defendant acknowledged that "The contract #470808049 was paid in full at the time of the divorce."

19. However, Defendant also represented that Plaintiff had "embarked on a new sale" and indicated that the $17,436.35 Defendant claims is now owed is connected to such new sale.

20. Due to Mr. Haner's revocation of his execution of the Relinquishment Agreement, Plaintiff is still is not reflected as the sole owner of the Timeshare and is therefore still unable to fully utilize its benefits.

21. Plaintiff has demanded that Defendant provide her with a revised Relinquishment Agreement accurately showing the outstanding loan balance as $0.00 so that Mr. Haner may execute the agreement and the ownership transfer can be completed, but Defendant has failed and refused to do so.

22. Plaintiff has demanded that Defendant cancel the purported contract dated May 5, 2018 purporting to sell Plaintiff a new timeshare, but Defendant has failed and refused to do so.

4039-0001

23. Plaintiff had no intention of purchasing a new timeshare, and she signed the paperwork based upon Defendant's representations that she was furthering her goal of transferring ownership of her existing Timeshare from her ex-husband's name into her sole name.

24. As a result of Defendant's failure and refusal to ownership of the transfer the Timeshare to Plaintiff's name and cancel the purported contract of May 5, 2018, Plaintiff has been unable to use the Timeshare and has incurred attorney's fees and expenses in her efforts to resolve the problem with Defendant.

## COUNT I – BREACH OF VIOLATION OF THE MISSOURI MERCHANDISING PRACTICES ACT (MMPA)

**COMES NOW** Plaintiff and for Count II of her cause of action states:

25. Plaintiff realleges and incorporates by reference the above allegations as if fully set forth herein.

26. RSMo §407.020.1 prohibits the use of deception, fraud, unfair practice or the concealment, suppression or omission of any material fact in connection with the sale or advertisement of any merchandise, including real estate.

27. Plaintiff is a consumer pursuant to the MMPA in that she sought services from Defendant for personal and household use.

28. Defendant is a supplier pursuant to the MMPA in that, in its ordinary course of business, Defendant solicited, engaged in and enforced sales of time shares within the State of Missouri.

29. Defendant and Plaintiff entered into a consumer transaction pursuant to the MMPA in that Defendant sold timeshare products and services to Plaintiff within the State of Missouri.

30. In connection with the above described consumer transaction, Defendant engaged in deceptive acts or practices in violation of the MMPA in that Defendant made representations to

Plaintiff that the paperwork for the purchase of a new timeshare was in furtherance of her goal of transferring ownership of the Timeshare, with knowledge or reason to know that the contract was materially different than as represented.

31. Defendant used deception, committed an unfair practice and concealed, suppressed and omitted from Plaintiff material facts relating to the transfer of the Timeshare and the contract for the purported sale of a new timeshare, which were not disclosed to Plaintiff but known by Defendant.

32. The material facts concealed, suppressed and omitted from Plaintiff relating to the transfer of the Timeshare and the contract for the purported sale of a new timeshare, were known to Defendant, but were unknown to Plaintiff.

33. Plaintiff's financial loss due to Defendant's unlawful conduct is ascertainable.

34. As a result of Defendant's violation of the MMPA, Plaintiff has been forced to hire an attorney to represent her.

35. As a direct and proximate result of Defendant's unlawful conduct, Defendant is liable to Plaintiff for actual damages, attorney's fees, civil penalties and all other relief the Court may award under the MMPA.

**WHEREFORE**, Plaintiff requests judgment against Defendant for damages in excess of the jurisdictional minimum, together with attorneys' fees and costs of suit, and such other and further relief as the Court may deem just and proper.

## COUNT II – NEGLIGENCE

**COME NOW** Plaintiff and for Count II of her cause of action states:

36. Plaintiff realleges and incorporates by reference the above allegations as if fully set forth herein.

Electronically Filed - St Louis County - September 12, 2019 - 10:59 AM

37. Defendant owed a legal duty to Plaintiff to transfer ownership of the Timeshare to Plaintiff's sole name in accordance with Plaintiff's Decree of Divorce and the parties' agreements.

38. Defendant breached its legal duty to Plaintiff in that it failed to transfer ownership of the Timeshare to Plaintiff's sole name, and instead purported to sell Plaintiff a new timeshare.

39. As a direct and proximate cause of Defendant's actions, Plaintiff suffered injury and damage.

**WHEREFORE**, Plaintiff requests judgment against Defendant for damages in excess of the jurisdictional minimum, together with attorneys' fees and costs of suit, and such other and further relief as the Court may deem just and proper.

### COUNT III – NEGLIGENT MISREPRESENTATION

**COME NOW** Plaintiff and for Count III of her cause of action states:

40. Plaintiff realleges and incorporates by reference the above allegations as if fully set forth herein.

41. Defendant supplied information to Plaintiff that the paperwork purporting to sell Plaintiff a new timeshare was in furtherance of her goal of transferring ownership of the Timeshare to Plaintiff's sole name.

42. Defendant failed to transfer the Timeshare to Plaintiff's sole name, and instead purported to sell her a new timeshare.

43. In supplying that information to Plaintiff, Defendant failed to exercise reasonable care to ensure the accuracy of said information, and the information supplied to Plaintiff, namely the paperwork she signed was in furtherance of her goal of transferring ownership of the Timeshare to her sole name pursuant to her Decree of Divorce.

44. Defendant intentionally supplied this information to Plaintiff.

45. Plaintiff justifiably relied on the information provided by Defendant.

4039-0001

Electronically Filed - St Louis County - September 12, 2019 - 10:59 AM

46. As a direct and proximate result of the false information supplied by Defendant to Plaintiff, Plaintiff was damaged.

**WHEREFORE**, Plaintiff requests judgment against Defendant for damages in excess of the jurisdictional minimum, together with attorneys' fees and costs of suit, and such other and further relief as the Court may deem just and proper.

### COUNT IV – FRAUDULENT MISREPRESENTATION

**COMES NOW** Plaintiff and for Count IV of her cause of action states:

47. Plaintiff realleges and incorporates by reference the above allegations as if fully set forth herein.

48. Defendant supplied information to Plaintiff that the paperwork purporting to sell Plaintiff a new timeshare was in furtherance of her goal of transferring ownership of the Timeshare to Plaintiff's sole name pursuant to her Decree of Divorce.

49. Defendant failed to transfer the Timeshare to Plaintiff's sole name, and instead purported to sell her a new timeshare.

50. Defendant's representations were false, or Defendant did not know whether they were true or false.

51. In truth and fact, Defendant's representations were false in that Defendant failed to transfer ownership of the Timeshare to Plaintiff's sole name, and instead purported to sell her a new timeshare.

52. Defendant's representations were material to Plaintiffs' decision to sign the paperwork purporting to sell her a new timeshare.

53. Plaintiff relied on Defendant's representations and used ordinary care in so relying in that Defendant is experienced in the business of selling and transferring timeshares and vacation packages.

7

4039-0001

54. As a direct and proximate result of Defendant's representations, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff requests judgment against Defendant for damages in excess of the jurisdictional minimum, together with attorneys' fees and costs of suit, and such other and further relief as the Court may deem just and proper.

### COUNT V – FRAUD

**COMES NOW** Plaintiff and for Count V of her cause of action states:

55. Plaintiff realleges and incorporates by reference the above allegations as if fully set forth herein.

56. Defendant supplied information to Plaintiff that the paperwork purporting to sell Plaintiff a new timeshare was in furtherance of her goal of transferring ownership of the Timeshare to Plaintiff's sole name pursuant to her Decree of Divorce.

57. Defendant supplied information to Plaintiff which resulted in Plaintiff signing paperwork purporting to sell her a new timeshare.

58. In truth and fact, Defendant's representations were false in that Defendant failed to transfer ownership of the Timeshare to Plaintiff's sole name, and instead purported to sell her a new timeshare.

59. Defendant's representations were material to Plaintiff's decision to sign the paperwork purporting to sell her a new timeshare.

60. Defendant had knowledge of the falsity or ignorance of the truth of its representations.

61. Defendant intended that the representations be acted on by Plaintiff in a manner reasonably contemplated.

62. Plaintiff was ignorant of the falsity of Defendant's representations.

63. Plaintiff justifiably relied on the truth of Defendant's representations.

64. As a direct and proximate result of Defendant's representations, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff requests judgment against Defendant for damages in excess of the jurisdictional minimum, together with attorneys' fees and costs of suit, and such other and further relief as the Court may deem just and proper.

### COUNT VI – DECLARATORY JUDGMENT/RESCISSION

**COMES NOW** Plaintiff and for Count VI of her cause of action states:

65. Plaintiff realleges and incorporates by reference the above allegations as if fully set forth herein.

66. Count VI is brought pursuant to Supreme Court Rule 87.02 which allows this Court to declare the rights of the parties hereto.

67. Plaintiff's interest in the Timeshare constitutes a legally protectable interest which is at stake.

68. On May 5, 2018, Defendant had Plaintiff sign paperwork purporting to sell Plaintiff a new timeshare, based on Defendant's representation that the paperwork was in furtherance of her goal of transferring ownership of the Timeshare to Plaintiff's sole name pursuant to her Decree of Divorce.

69. Plaintiff believed that the paperwork she was signing was in furtherance of her objective of transferring ownership of the Timeshare to her sole name pursuant to the Decree of Divorce.

70. The purchase price for the Timeshare had long since been paid in full, at the time of the Decree of Divorce and as of May 5, 2018.

4039-0001

71. It would be unjust and inequitable for Defendant to retain the benefit of the purported contract for the sale of a new timeshare in light of the circumstances.

72. Plaintiff's dispute with Defendant demonstrates the existence of a justiciable controversy that is ripe and appropriate for judicial resolution.

73. Plaintiff has no adequate legal remedy.

**WHEREFORE**, Plaintiff requests the Court for judgment in her favor and against Defendant, and for its Order: (a) declaring the contract for the sale of a new timeshare is rescinded; (b) awarding Plaintiff her costs and fees incurred herein, and (c) granting such other and further relief as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by a jury of twelve (12) on all issues so triable.

Respectfully Submitted,

**HARRAH LAW, LLC**

By: _/s/ Desarae Harrah_

Desarae G. Harrah  MO Bar No. 57969
4006 Central Street
Kansas City, Missouri 64111
Telephone: (816) 897-6000
Facsimile: (816) 631-0020
Email:   dh@harrahlaw.com
**ATTORNEYS FOR PLAINTIFF**

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

| | |
|---|---|
| **SANDRA JACOBSON** | )<br>) |
| **Plaintiff**, | )<br>)<br>) Case No.: 19SL-CC04104 |
| v. | ) Division No.:<br>) |
| **WYNDHAM RESORT**<br>**DEVELOPMENT CORPORATION** | )<br>)<br>) |
| **Defendant.** | ) |

**REQUEST FOR SUMMONS**

COMES NOW, Sandra Jacobson ("Plaintiff") by and through her undersigned attorney, requests the St. Louis County Circuit Court Clerk to issue a summons for service for Wyndham Resort Development Corporation in the above captioned matter to be served by at the address set forth below:

Registered Agent:
 Corporate Creations Network, Inc.
 12747 Olive Blvd. #300
 Saint Louis, MO 63141

Respectfully submitted.

**HARRAH LAW, LLC**

By: _/s/ Desarae Harrah_
 Desarae G. Harrah  MO Bar No. 57969
 4006 Central Street
 Kansas City, Missouri 64111
 Telephone: (816)897-6000
 Facsimile: (816)631-0020
 Email:   dh@harrahlaw.com
 **ATTORNEY FOR PLAINTIFF**



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>STANLEY JAMES WALLACH | Case Number: 19SL-CC04104 | |
|---|---|---|
| Plaintiff/Petitioner:<br>SANDRA JACOBSON<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>DESARAE GAYLE HARRAH<br>900 PECKS PLAZA<br>1044 MAIN ST<br>KANSAS CITY, MO  64105 | **SHERIFF FEE PAID** |
| Defendant/Respondent:<br> WYNDHAM RESORT DEVELOPMENT CORPORATION | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 | |
| Nature of Suit:<br>CC Breach of Contract | | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** WYNDHAM RESORT DEVELOPMENT CORPORATION
**Alias:**
**CORP CREATIONS NETWORK INC**
**12747 OLIVE BLVD #300**
**SAINT LOUIS, MO  63141**

*COURT SEAL OF*



*ST. LOUIS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
   **SPECIAL NEEDS:**  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

**20-SEP-2019**
   Date                                              _____
                                                                       Clerk
**Further Information:**
   LG

### Sheriff's or Server's Return
**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____(title).
☐ other _____.
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).
_____            _____
   Printed Name of Sheriff or Server                                     Signature of Sheriff or Server
**Must be sworn before a notary public if not served by an authorized officer:**
   (Seal)         Subscribed and sworn to before me on _____ (date).
                  My commission expires: _____       _____
                                                          Date                                        Notary Public

| | | |
|---|---|---|
| **Sheriff's Fees, if applicable** | | |
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary Supplemental Surcharge | $____10.00____ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | **$_____** | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

# NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.  A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.  Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits.  Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

OSCA (7-99) SM30  (SMCC) *For Court Use Only*: **Document ID# 19-SMCC-8849**     3     (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

265
9

*Return* SB



IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

10-20

| Judge or Division:<br>STANLEY JAMES WALLACH | Case Number: 19SL-CC04104 |
|---|---|
| Plaintiff/Petitioner:<br>SANDRA JACOBSON<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>DESARAE GAYLE HARRAH<br>900 PECKS PLAZA<br>1044 MAIN ST<br>KANSAS CITY, MO 64105 |
| Defendant/Respondent:<br>WYNDHAM RESORT DEVELOPMENT<br>CORPORATION | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 |
| Nature of Suit:<br>CC Breach of Contract | |

FILED
SHERIFF FEE PAID  1 0 2 2019
JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY
(Date File Stamp)

### Summons in Civil Case

The State of Missouri to: WYNDHAM RESORT DEVELOPMENT CORPORATION
Alias:
CORP CREATIONS NETWORK INC
12747 OLIVE BLVD #300
SAINT LOUIS, MO 63141

12)Depose

2019 SEP 23  RECEIVED
ST. LOUIS SHERIFF'S



COURT SEAL OF
ST. LOUIS COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

20-SEP-2019
Date

_____
Clerk

Further Information:
LG

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
☒ (for service on a corporation) delivering a copy of the summons and a copy of the petition to **Melissa** (name) **Receptionist** (title).
☐ other _____
Served at **12747 Olive #300** (address)
in **St Louis** (County/City of St. Louis), MO, on **9/26/19** (date) at **0830** (time).

**Scott DePolo**
Printed Name of Sheriff or Server        Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).
(Seal)
My commission expires: _____  _____
                          Date              Notary Public

9-25-19
KC